IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff-Respondent, | § | |
| | § | |
| v. | § | Cr. No. C-03-310 |
| | § | |
| RANDY KNAPP, | § | |
| | § | |
| Defendant-Movant. | § | |

**MEMORANDUM OPINION AND ORDER DENYING
PETITION FOR WRIT OF *AUDITA QUERELA*
AND NOTICE TO MOVANT OF RECHARACTERIZATION**

Final judgment in this criminal case was entered against Randy Knapp ("Knapp") on April 30, 2004. (D.E. 22). He did not appeal. On November 12, 2004, Knapp filed a motion for transcripts at government expense and a motion to proceed *in forma pauperis*, both of which were denied by this Court in an order entered December 16, 2004. (D.E. 25, 26, 27). On April 18, 2005, the Clerk received from Knapp a motion styled as a "Writ of Error Audita Querela" in which he asks for relief under the Supreme Court's recent decision in United States v. Booker, 125 S. Ct. 738 (Jan. 12, 2005). (D.E 29).

The proper avenue for the relief Knapp seeks is a motion under 28 U.S.C. § 2255. In his motion, however, he seeks relief through a writ of *audita querela* and 28 U.S.C. § 1651, the All Writs Act. Specifically, he requests that: (1) his Presentence Investigation Report be "corrected"; (2) judgment be re-entered with an "adjusted" term of imprisonment,

1

calculated without any enhancements based on facts neither admitted by him nor found by a jury beyond a reasonable doubt; and (3) he be given the option to be resentenced under the now-advisory guidelines. (D.E. 29 at p.10).  He further claims that § 2255 would be an "inadequate or ineffective" remedy and thus that he is entitled to proceed under the All Writs Act.  (D.E. 29 at 2).  Indeed, he expressly asks the Court *not* to recharacterize his motion as a § 2255 motion.  (D.E. 29, exhibit titled "Judicial Notice" at pp. 1-2).

As an initial matter, it is questionable whether the writ of *audita querela* even remains as an avenue for relief in any case.  But it is clear that the writ is unavailable where, as here, the relief could be sought through § 2255.  Indeed, the Fifth Circuit case of United States v. Banda, 1 F.3d 354 (5th Cir. 1993) states the following as to the availability of the writ:

> Failing a successful challenge to his guilty plea under § 2255, Banda also asks for a writ of *audita querela* under the All Writs Act.  This is a slender reed upon which to lean.  The writ of *audita querela* permits a defendant to obtain relief against a judgment because of some legal defense arising after the judgment.  It is an open question whether the obsolescent writ survives as a post-conviction remedy.  In any case, the defense against the judgment must be based in law, not in equity. United States v. Reyes, 945 F.2d 862 (5th Cir. 1991).  There is no defect in the judgment below based in law.  Moreover, the writ is not available where, as here, the defendant may seek redress under § 2255.

Banda, 1 F.3d at 356.  Cf. Fed. R. Civ. P. 60(b) ("Writs of coram nobis, coram vobis, audita querela, and bills of review and bills in the nature of a bill of review are

abolished."). Because Knapp could seek redress under § 2255, then, the writ of *audita querela* is unavailable to him. Banda, 1 F.3d at 356. Based on the foregoing, the writ of *audita querela* is not available to Knapp. His petition for a writ of audita querela is therefore DENIED.

Rather, the only vehicle through which he can seek relief is § 2255. Cognizant of the Supreme Court's decision in Castro v. United States, 124 S. Ct. 786, 792 (2003), and particularly in light of Knapp's express wishes not to have his motion construed as a § 2255 motion, the Court would typically decline to construe his motion as a § 2255 motion. Cf. Castro, 124 S. Ct. at 792 (if a district court recharacterizes a post-conviction motion as a § 2255 motion and fails to provide adequate notice and warning to the defendant of the consequences of the recharacterzation, then the motion is not a first petition for purposes of applying to later motions the restrictions on "second or successive" § 2255 motions). Instead, this Court would simply deny his motion without prejudice to his ability to file a proper § 2255 motion.

In this case, however, Knapp has filed his motion for relief very close to the expiration of the one-year limitations period for filing a § 2255 motion, as calculated using the date of entry of judgment as beginning the limitations period. See 28 U.S.C. § 2255. If this Court were to deny the pending motion and allow him to refile it as a § 2255 motion, it is likely that his subsequently-filed motion would be barred by the applicable statute of limitations.

Accordingly, instead of denying the motion, the Court hereby informs Knapp that it intends to construe his motion as motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.[1]  Pursuant to Castro, Knapp is further advised that, once the Court characterizes his motion as a § 2255 motion, he may be prohibited from asserting additional § 2255 claims in the future and from filing any subsequent § 2255 motion.  See 28 U.S.C. § 2255 (prohibiting the filing of a "second or successive motion" unless certain procedural steps are taken and certain prerequisites are met).  That is, before he will be permitted to file a second or successive § 2255 motion before the district court, Knapp will be required to seek, and acquire, the approval of the Fifth Circuit and will have to establish certain grounds in order to obtain that approval.[2]  See Tolliver v. Dobre, 211 F.3d 876, 877 (5th Cir. 2000); 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.").

---

[1] The Court reaches no conclusions herein as to the merits of any such motion.

[2] The pertinent portion of § 2255 states:
> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain –
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255.

In light of the foregoing, if Knapp wishes to supplement his motion with additional grounds, or wishes to voluntarily withdraw his motion, he must do so within 45 days of this Order. If he fails to do so, this Court will construe his motion as a § 2255 motion, may order the government to respond, and will rule on the motion.

## **CONCLUSION**

For the foregoing reason, Knapp's petition for writ of audita querela is DENIED, and his motion will be construed as a § 2255 motion, unless he moves to withdraw the motion not later than 45 days after the entry of this Order. Finally, the Clerk is directed to send blank § 2255 forms to Defendant.

ORDERED this 31st day of May, 2005.

_____
HAYDEN HEAD
CHIEF JUDGE