## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff-Respondent, | § | |
| | § | |
| v. | § | Cr. No. C-03-310 |
| | § | C.A. No. C-05-510 |
| RANDY KNAPP, | § | |
| | § | |
| Defendant-Movant. | § | |

## MEMORANDUM OPINION AND ORDER DENYING
## MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE,
## AND DENYING CERTIFICATE OF APPEALABILITY

Pending before the Court is Defendant Randy Knapp's ("Knapp") motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 (D.E. 29),[1] which was received by the Clerk on April 18, 2005. The Court concludes that it is not necessary to order a government response because "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." Rule 4(b) of the RULES GOVERNING SECTION 2255 PROCEEDINGS FOR THE UNITED STATES DISTRICT COURTS.

As discussed in more detail herein, the Court DENIES Knapp's motion because the sole claim he asserts therein, a claim pursuant to the Supreme Court's ruling in United States v. Booker, 125 S. Ct. 738 (2005) does not entitle him to relief. Specifically, the

---

[1] Docket entries refer to the criminal case, C-03-cr-310.

Court concludes that Booker is not retroactively applicable on collateral review and is thus unavailable to defendants like Knapp whose convictions were final prior to Booker's issuance. For this reason, discussed in more detail herein, Knapp's motion is DENIED. Additionally, the Court DENIES Knapp a Certificate of Appealability.

## I. JURISDICTION

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331.

## II. FACTS AND PROCEEDINGS

On November 12, 2003, Knapp was charged in a single-count indictment with conspiracy to possess with intent to distribute more than 100 kilograms of marijuana, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 846. (D.E. 1). On February 2, 2004, Knapp pleaded guilty. (D.E. 15). There was no written plea agreement. (Id.).

He was sentenced on April 26, 2004. The Court imposed a term of imprisonment of 87 months in the custody of the Bureau of Prisons, to be followed by a five-year supervised release term, and imposed a $100 special assessment. (D.E. 21, 22). Judgment was entered on April 30, 2004. (D.E. 22). Knapp did not appeal.

On November 12, 2004, Knapp filed a motion for transcripts at government expense and a motion to proceed in forma pauperis, both of which were denied by this Court in an order entered December 16, 2004. (D.E. 25, 26, 27). On April 18, 2005, the Clerk received from Knapp a document titled as a "Writ of Error Audita Querela." (D.E. 29). By Memorandum Opinion and Order entered June 1, 2005, the Court denied the petition for

writ of audita querela.  In the same Order, the Court informed Knapp that it intended to construe his motion as a motion brought under 28 U.S.C. § 2255.  The Court gave the warnings required by <u>Castro v. United States</u>, 124 S. Ct. 786 (2003) and then issued the following instructions:

> [I]f Knapp wishes to supplement his motion with additional grounds, or wishes to voluntarily withdraw his motion, he must do so within 45 days of this Order.  If he fails to do so, this Court will construe his motion as a § 2255 motion, may order the government to respond, and will rule on the motion.

(D.E. 30 at 5).

The forty-five day period referenced in the foregoing expired on July 18, 2005.  To date, no response has been received from Knapp.  Accordingly, the Court construes his motion as a § 2255 motion and rules on it herein.  The motion is timely.

In his motion, Knapp challenges his sentencing pursuant to <u>Booker</u>.  He argues that facts supporting enhancements to his sentence, as well as the quantity of drug used to sentence him, were unconstitutionally used at sentencing without having been admitted by him or found by a jury beyond a reasonable doubt.  (D.E. 30 at Memorandum. pp. 2-3).

For relief, he requests that: (1) his Presentence Investigation Report be "corrected"; (2) judgment be re-entered with an "adjusted" term of imprisonment, calculated without any enhancements based on facts neither admitted by him nor found by a jury beyond a reasonable doubt; and (3) he be given the option to be resentenced under the now-advisory guidelines. (D.E. 29 at p.10).

# III.  DISCUSSION

**A.    28 U.S.C. § 2255**

There are four cognizable grounds upon which a federal prisoner may move to vacate, set aside or correct his sentence: (1) constitutional issues, (2) challenges to the district court's jurisdiction to impose the sentence, (3) challenges to the length of a sentence in excess of the statutory maximum, and (4) claims that the sentence is otherwise subject to collateral attack.  28 U.S.C. § 2255; United States v. Placente, 81 F.3d 555, 558 (5th Cir. 1996).  "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice."  United States v. Vaughn, 955 F.2d 367, 368 (5th Cir. 1992).  "[A] collateral challenge may not do service for an appeal."  United States v. Frady, 456 U.S. 152, 165, 102 S. Ct. 1584, 1593 (1982).

**B.    Availability of Relief Under Booker claim**

As noted, Knapp's sole claim is that his sentencing violated his constitutional amendments and he relies solely on the Supreme Court's decision in Booker.  Because this Court concludes that Booker is not retroactively applicable on collateral review, however, Knapp is not entitled to relief.

The Fifth Circuit has held that the Supreme Court has not made Booker retroactive, for purposes of allowing second or successive petitions under 28 U.S.C. § 2255.  In re Elwood, 408 F.3d 211 (5th Cir. 2005).  Additionally, in the context of discussing whether

a claim fell within the savings clause of § 2255, a panel of the Fifth Circuit has recently stated:  "Like Apprendi, Booker's holding is not retroactively applicable to cases on collateral review."  Padilla v. United States, 416 F.3d 424, 427 (5th Cir. 2005).  The Padilla decision does not contain any analysis or discussion as to how the court reached this conclusion.  Rather, the decision simply cites to the first page of the Booker decision for authority, as well as to a case decided prior to Booker, Wesson v. U.S. Penitentiary Beaumont, TX, 305 F.3d 343, 347 (5th Cir. 2002), neither of which states that Booker does not apply retroactively.  Nonetheless, to the extent the opinion was intended to address the precise issue before the Court here,[2] it directs that Booker is not retroactively applicable.

Notably, the Padilla court's conclusion is consistent with every other federal court of appeals to have addressed the issue directly.  Specifically, the Second, Third, Sixth, Seventh, Eighth, Ninth, Tenth, and Eleventh Circuits have all addressed the retroactivity of Booker on initial collateral review and have concluded that Booker does not apply retroactively.  See McReynolds v. United States, 397 F.3d 479 (7th Cir. 2005) (concluding that Booker states a new non-watershed procedural rule and does not apply retroactively

---

[2]  As noted, the Padilla court's statement was made in the context of discussing whether a defendant's claims fell within the scope of the savings clause of § 2255.  In order to show that his claims fell within the savings clause, the movant had to show that he was asserting a claim of actual innocence "(1) that is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense and (ii) that was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal or first § 2255 motion."  Padilla, 416 F.3d at 426 (quoting Reyes-Requena v. United States, 243 F.3d 893 (5th Cir. 2001)).  Despite its broad language, the lack of any analysis suggests that it may not have been intended to directly address the more complicated issue of whether Booker is retroactive on initial collateral review outside the context of § 2255's savings clause.

to criminal cases final before its release); <u>United States v. Humphress</u>, 398 F.3d 855 (6th

Cir. 2005) (same); <u>Varela v. United States</u>, 400 F. 3d. 864 (11th Cir.  2005) (same);

<u>Guzman v. United States</u>, 404 F.3d 139 (2d Cir. 2005) (same); <u>Lloyd v. United States</u>, 407

F.3d 608 (3d Cir. May 17, 2005) (same); <u>United States v. Bellamy</u>, 411 F.3d 1182 (10th

Cir. 2005) (same); <u>Never Misses a Shot v. United States</u>, 413 F.3d 781 (8th Cir. 2005)

(same); <u>United States v. Cruz</u>, __F.3d __, 2005 WL 2243113 (9th Cir. Sept. 16, 2005) (*per

curiam*) (same).

The Court agrees with the reasoning set forth in the foregoing cases and thus

concludes that <u>Booker</u> is not retroactive to cases on collateral review.  Because Knapp's

conviction became final prior to the date <u>Booker</u> was decided – January 12, 2005 – he is

not entitled to relief under <u>Booker</u>. His motion is therefore DENIED.

## C.    Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a habeas

corpus proceeding "unless a circuit justice or judge issues a certificate of appealability."

28 U.S.C. § 2253(c)(1)(A).  Although Knapp has not yet filed a notice of appeal, this Court

nonetheless addresses whether he would be entitled to a COA.  <u>See</u> <u>Alexander v. Johnson</u>,

211 F.3d 895, 898 (5th Cir. 2000) (a district court may *sua sponte* rule on a COA because

"the district court that denies a petitioner relief is in the best position to determine whether

the petitioner has made a substantial showing of a denial of a constitutional right on the

issues before that court. Further briefing and argument on the very issues the court has just

ruled on would be repetitious.").

A COA "may issue...only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits."  Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).

To warrant a grant of the certificate as to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reasons would find it debatable whether the petition states a valid claim of the denial of a constitutional right **and** that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (emphasis added); see also United States v. Jones, 287 F.3d 325, 329 (5th Cir. 2002) (applying Slack to COA determination in context of § 2255 proceedings). It is unnecessary for the Court to decide whether Knapp has stated a valid claim for relief, because he cannot establish the second Slack criterion.  That is, reasonable jurists could not disagree that Booker does not apply retroactively and thus that he is not entitled to relief.  Accordingly, Knapp is not entitled to a COA.

## IV.  CONCLUSION

For the above-stated reasons, Knapp's motion under 28 U.S.C. § 2255 (D.E.29) is DENIED.  The Court also DENIES him a Certificate of Appealability.  Finally, for administrative and statistical purposes, the Clerk is directed to assign the § 2255 motion a

corresponding civil case number, and to administratively close the civil case on the basis of this order and the accompanying final judgment.

ORDERED this 9th day of October 2005.

_____
HAYDEN HEAD
CHIEF JUDGE